McCoy *vs.* The State of Georgia.

---

CHARLES MCCOY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. It was not error in this case that the court refused to receive the verdict first reported by the jury, finding the " defendant guilty as accessory after the fact."
2. Nor was it error to direct the jury to return to their room, and if they found a verdict, it must be a verdict of guilty or not guilty.
3. On the trial of an indictment charging a defendant as principal, he cannot be convicted as accessory after the fact.
4. Under the testimony in the record, we do not think the judge trying this case abused his discretion in refusing to set aside the verdict.

Criminal law. Accessory. Verdict. Practice in the Superior Court. New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Charles McCoy was jointly indicted with Clem Harris, Dred Darden and Floyd Reed, for the offense of larceny from the person, alleged to have been committed upon the person of C. V. Furlow, on November 29th, 1873. He was separately tried.

The jury returned a verdict finding him guilty as an accessory after the fact. The court refused to allow the verdict to be received, and instructed them that it was not in form, and that if they found a verdict in the case, it must be generally guilty or not guilty. The jury, upon further deliberation, found the defendant guilty, and recommended him to the mercy of the court. There was sufficient evidence to support the verdict.

The defendant moved for a new trial because the verdict was contrary to the law and the evidence, and because the court erred in instructing the jury, under the circumstances aforesaid, as to the form of their verdict. The motion was overruled, and defendant excepted.

GARTRELL & STEPHENS, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

TRIPPE, Judge.

1. The defendant was jointly indicted with three others for larceny from the person. The jury first came in with a verdict finding the defendant "guilty as accessory after the fact." The court directed them to return to their room, and if they found a verdict it must be guilty or not guilty. The verdict was rightly rejected by the court, because it was an illegal verdict under the indictment, as will be seen presently.

2. The verdict being an illegal one, the court had the power, and it was its duty to reject it, and to give the directions that were given: *Williams vs. The State,* 46 *Georgia,* 647.

3. Was the verdict illegal? "An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, and harbors, assists or protects, the person charged with or convicted of the crime:" Code, section 4308. This court has twice decided that on an indictment charging a defendant as principal in the first degree, or as the actual perpetrator of the crime, he cannot be convicted as principal in the second degree: *Washington vs. The State*, 36 *Georgia*, 222; *Shaw vs. The State*, 40 *Georgia*, 120. Granting, *ex gratia*, that in misdemeanors there may be accessories, on which, see *Lewis vs. The State*, 33 *Georgia*, 137, or that the accessory may be put on trial before the conviction of the principal, see *Smith vs. The State*, 46 *Georgia*, 298—not even then, under the principle on which the decision in *Washington vs. The State* is put, could the defendant be convicted as accessory upon an indictment charging him as a real actor and perpetrator of the crime. In that case the ground on which the decision was placed, to-wit: that a defendant who is charged as the perpetrator of the crime, cannot be convicted as principal in the second degree, is "for the obvious reason that the accusation does not notify him that he will be held responsible for such acts as will make him a principal in the second degree, and therefore he is taken by surprise at the trial," and "that he will have had no notice that he will be required to meet such evidence or be prepared to rebut or explain it." This will apply to the case of an accessory as well as that of a principal in the second degree. An examination of the sections defining the two classes of offenders will show this at once. Without determining whether there can be an accessory in misdemeanors, we say that under this indictment the first verdict returned by the jury was illegal, and was properly rejected by the court: 7 C. & P., 575.

4. Upon a second consideration of the case the jury returned a verdict of guilty, and the court refused to set it aside on the ground taken in the motion for a new trial, that it was contrary to the evidence. This is one of that numerous class of cases wherein all we have to say on this point is, that we do

not think it was such an abuse of discretion as to call for the interference of this court.

Judgment affirmed.