F. McKeen *v*. The State.

7   631
33   359

1. Principals — Accomplices — Charge of the Court. — When an indictment for felony charges the defendant as a principal offender, he cannot, under the Code of this State, be convicted as an accomplice. It was error, therefore, in the trial of such an indictment, to give in charge to the jury the provision of the Code defining accomplices, as the law applicable to the case, instead of the provision defining principal offenders. *Scales* v. *The State*, ante, p. 361, cited with approval.

2. Accomplices under the Code of this State would in most of the States and at common-law be denominated accessories before the fact, and, save in cases specially excepted, the rules applicable to the latter apply also to the former.

Appeal from the District Court of Wise. Tried below before the Hon. A. J. Hood.

This is part and parcel of the same copartnership transaction involved in the case of *Scales* v. *The State*, ante, p. 361. The opinion gives a clear though brief recapitulation of the material facts. Ten years in the penitentiary were allotted to this party by the jury.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   Four parties, appellant being one of them, were found near Fort Elliott, in the Panhandle, in possession of the stolen animals.   Before the theft all these parties had entered into an agreement to engage in the theft of horses, the agreement having been made in Clay County.   In pursuance of this agreement, two of the confederates went into the county of Wise and there stole the animals and drove them back to Clay, where this appellant and one Scales, the remaining conspirators, furnished them provisions and arms ; and a few days after the former had started on from Clay County with the herd, Scales and appellant overtook them with ten or twelve more horses, and the four then went on and remained with the herd until they were all captured.   Separate indictments, simply for theft, were preferred against each of the parties, without any mention of or reference to the other parties, the co-conspirators involved in the transaction.   In other words, each party was indicted as a principal offender, and as though he was alone guilty of the crime.   Such is the character of indictment in this case.   The defendant was simply charged with the theft of the animals.

In his charge, the court instructed the jury as follows : "In this case defendant, Fred. McKeen, stands indicted for theft, and the law is that under the indictment in this case he, the defendant, may be lawfully convicted for the theft, provided the evidence satisfies the minds of the jury beyond a reasonable doubt that he, the defendant, is guilty of the theft either as a principal or an accomplice.   All persons are principals who are guilty of acting together in the commission of an offence.   An accomplice is one who is not present at the commission of an offence, but who, before the act is done, advises, commands, or encourages another to commit the offence ; or who agrees with the principal offender to aid him in committing the offence, though he may not have given such aid ; or who promises any reward, favor, or other inducement, or threatens any injury, in order to

procure the commission of the offence ; or who prepares arms, or aid of any kind, prior to the commission of an offence, for the purpose of assisting the principal in the execution of the same. In order to warrant a conviction for theft, of a party shown by the evidence to be an accomplice, it is not required that the evidence should further show that such accomplice was actually personally present in the county where the theft was committed, at the time of its commission," etc.

This charge creates the only question necessary to be discussed on this record ; and that is, whether one charged simply as a principal in an indictment can be tried and convicted as an accomplice.

Our statute defining an accomplice (Pasc. Dig., art. 1814 ; Rev. Penal Code, art. 79), and which is copied in the paragraph of the charge above set out, makes an accomplice under our law of one who at common law and in most of the States is denominated "an accessory before the fact ; " and the rules with regard to the latter are, except in cases otherwise specially provided by statute, applicable in all respects to the former. Mr. Bishop says : " When, therefore, the indictment is against the accessory before the fact in cases of felony, though he may be joined with the principal, the charge against him must be special. He cannot, where the common-law rule prevails, be convicted on an indictment charging him as principal." 2 Bishop's Cr. Proc., sect. 9.

In *Hughes* v. *The State*, 12 Ala. 458, it was held that one indicted as principal cannot be convicted on proof showing him to be only an accessory before the fact ; and the learned judge, in the opinion in that case, cites *Gordon's Case*, 1 Leach, 515, and 1 East C. L. 352, as having practically settled the question. For it is said : " There the indictment amounted to nothing more than charging the prisoners as accessories before the fact, but the proof showed them all to be principals in the second degree. It was held they

were improperly convicted, but the judges considered an acquittal on the charge would be no bar to a subsequent indictment charging them as accessories. In *Lowe's Case*, 1 Russ. & R. 25, the prisoners were indicted as principals, but the evidence proved them accessories only, and they were recommended for pardon on the ground that the conviction was wrong."

In the case of *McCoy* v. *The State*, 52 Ga. 287, it was held that on an indictment charging a defendant as principal he cannot be convicted as accessory after the fact; and it is further said in the opinion: " This court has twice decided that on an indictment charging a defendant as principal in the first degree, or as the actual perpetrator of the crime, he cannot be convicted as principal in the second degree." Citing *Washington* v. *The State*, 36 Ga. 222, and *Shaw* v. *The State*, 40 Ga. 124. The rule, it seems, is different in Iowa, Kansas, and Nevada, because they have special statutes which provide that an accessory before the fact may be charged, tried, and convicted as though he was a principal. *Bonsell* v. *United States*, 1 Iowa, 111; *The State* v. *Cassady*, 12 Kan. 550; *The State* v. *Chapman*, 6 Nev. 320. But there is no such statute with us; ours only going to the extent that " accomplices shall, in all cases not otherwise expressly provided for, be punished in the same manner as the principal offender." Pasc. Dig., art. 1816; Rev. Penal Code, art. 81.

The case of *Scales* v. *The State*, ante, p. 361, which was part and parcel of this transaction, was decided by this court at the last Tyler term, and upon a similar indictment and statement of facts this court affirmed the judgment of the lower court finding him guilty as a principal offender. In that case, however, the learned judge did not charge the law with regard to accomplices, as he has done in this case.

We are clearly of opinion, in view of the authorities quoted, that the court erred in charging the jury that they

could, under the indictment in this case, find the defendant guilty as an accomplice; and because the charge was erroneous, the judgment is reversed and a new trial awarded.

*Reversed and remanded.*