Ivey *v.* The State.

Jenkins, Justice. "An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it, and harbors, assists, or protects the person charged with or convicted of the crime." Code, § 26-604. "Accessories after the fact, except where it is otherwise provided, shall be punished as for a misdemeanor." § 26-605. This definition eliminates the idea of participation by a person guilty of such an offense in the perpetration of the major crime, either as a principal in the first or second degree (§ 26-501), or as an accessory before the fact (§ 26-603), or as a joint conspirator, by which the de-

fendant conspires with one or more other persons, prior to the commission of a crime, for its perpetration or for an unlawful act of which the crime committed was a natural consequence. Accordingly, where a defendant was jointly indicted for murder with two others, who it was sought by the evidence to show were co-conspirators, a charge by the court, stating the substance of § 26-601, defining an accessory after the fact as one who "is some way concerned" in the offense "after the act is committed," without any statement to the jury that the defendant, if guilty of being an accessory after the fact, could not be convicted as such under the indictment for murder, was erroneous and calculated to permit the jury to find the defendant guilty under the charge of murder, even though they might have believed that he was guilty only of being an accessory after the fact. Especially was the charge likely to be misleading, and therefore harmful, where the penalty for being an accessory after the fact was not stated in the charge.

*Judgment reversed. All the Justices concur.*

No. 12245. May 20, 1938.

*T. Reuben Burnside,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *J. Cecil Davis,* solicitor-general, *E. J. Clower,* and *Ellis G. Arnall,* contra.