## 36396. WILSON *v.* THE STATE.

DECIDED NOVEMBER 19, 1956.

*Merlin H. Holland,* for plaintiff in error.

GARDNER, P. J. The indictment involved a valid charge against the defendant for manslaughter. Manslaughter is defined by Code § 26-1006 as follows: "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection."

Voluntary manslaughter is defined in Code § 26-1007 as follows: "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the per-

son killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." Voluntary manslaughter is a felony.

Code § 26-605 reads: "Accessories after the fact, except where it is otherwise provided, shall be punished as for a misdemeanor."

One on trial for murder on an indictment which involved voluntary manslaughter cannot be convicted as an accessory after the fact. See *McCoy* v. *State*, 52 *Ga*. 287 (3), and *Ivey* v. *State*, 186 *Ga*. 216 (1) (197 S. E. 322).

In reversing a case on the special grounds, such as the one before us, we rarely make reference to the evidence relative to the statutory grounds, but in the instant case if another trial is had on the indictment in this case, unless the evidence is materially different, we would then hold the evidence insufficient to sustain a conviction for murder or of voluntary manslaughter.

After consideration of the first four special grounds, we think that they assign error because there was no evidence relative or material to either murder or voluntary manslaughter. With reference to special ground 5, which is to the effect that the trial court committed reversible error in charging on the law of conspiracy; this is true because there was not sufficient evidence, circumstantial or otherwise, to prove conspiracy.

The court committed reversible error in denying the motion for new trial on all the special grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*