## S97A1959. FREEMAN v. THE STATE.
### (496 SE2d 716)

BENHAM, Chief Justice.

This appeal is from James Scott Freeman's conviction for two counts of murder.[1] After an evening at a bar, and without immediate provocation, Freeman shot to death his stepfather and a friend of his stepfather, picked up shell casings, then went home. Among his defenses was justification based on the battered person syndrome. In support of that defense, he put on evidence that his stepfather had attempted to shoot him and run him over with a tractor, and had tried to burn a trailer with Freeman inside. Freeman also offered the testimony of an expert that he suffered from battered person syndrome at the time of the shooting. The State put on evidence that Freeman had been heard to threaten both victims on other occasions prior to the shooting. Freeman requested a charge on battered person syndrome which the trial court refused to give.

1. In *Smith v. State*, 268 Ga. 196, 200-201 (486 SE2d 819) (1997), this Court set out a charge to be given when battered person syndrome becomes a part of a justification defense, and established four prerequisites to appellate application of that cases's holding:

[A] modified jury instruction on justification [should] be

---

[1] The crimes were committed on April 2, 1996, and Freeman was indicted on May 13 for two counts of murder. A trial conducted October 21-22, 1996, resulted in guilty verdicts on both counts and two life sentences to be served consecutively. Freeman's motion for new trial, filed November 15, 1996, was denied on February 5, 1997. A motion for out-of-time appeal was filed on July 11, 1997, and granted July 15. Pursuant to a notice of appeal filed July 25, 1997, the appeal was docketed in this Court on August 19 and was submitted for decision on the briefs.

given in all battered person syndrome cases, when authorized by the evidence and requested by defendant . . . . This rule is to be applied in all cases now in "the pipeline," i.e., those on direct review or in which a judgment has not yet been rendered. [Cit.] . . . An application to a pending case will depend upon proper preservation of the issue for appellate review. [Cit.]

(a) The evidence which this Court found in *Smith* to authorize the charge was that Smith's husband, the victim, had beaten her, held a gun to her head, and choked her, and that, according to an expert witness, Smith suffered from battered woman syndrome. In the present case, Freeman put on evidence that he had been abused by his stepfather in several ways, including attempting to shoot him, attempting to run over him with a tractor (actually injuring him in the process), and setting the home on fire with Freeman inside. In addition, an expert witness testified that Freeman exhibited the symptoms of and suffered from battered person syndrome. Comparing the evidence in this case to that in *Smith* persuades us that the evidence presented in this case authorized the charge on battered person syndrome with regard to the count charging Freeman with the murder of his stepfather.

(b) By a supplement to the record, the trial court transmitted to this Court Freeman's request to charge on justification in the context of battered person syndrome, pursuant to which the trial court would have charged that the jury could consider

[w]hether the circumstances were such as would excite not merely the fears of the particular defendant, but also the fears of a reasonable person possessing the same or similar psychological and physical characteristics as the defendant, and faced with the same particular circumstances surrounding the defendant at the time he or she used defensive force.

That request to charge tracks almost exactly a portion of the charge established in *Smith*,[2] and is considerably closer to that established charge than were the charges requested by the defendant in *Smith*.

---

[2] I charge you that the evidence that the defendant suffers from battered person syndrome was admitted for your consideration in connection with the defendant's claim of self-defense and that such evidence relates to the issue of the reasonableness of the defendant's belief that the use of force was immediately necessary, even though no use of force against the defendant may have been, in fact, imminent. The standard is whether the circumstances were such as would excite the fears of a reasonable person possessing the same or similar psychological and physical characteristics as the defendant, and faced with the same circumstances surrounding the defendant at the time the defendant used force.

We conclude, therefore, that Freeman met the requirement of requesting the charge.

(c) *Smith* was decided on July 14, 1997. Freeman was convicted on October 22, 1996; his motion for new trial was denied February 7, 1997; his motion for out-of-time appeal was granted July 17, 1997; and the notice of appeal was filed July 25, 1997. Thus, this case was in the appellate pipeline (i.e., between conviction and direct appeal) at the time *Smith* was decided.

(d) Although the State argues that the issue of the trial court's rejection of the requested charge was not preserved for appeal, the only basis for that argument is that the written request to charge was initially omitted from the record (although the notice of appeal specified that nothing be omitted from the record). However, as noted above, the trial court transmitted a properly certified supplement to the record which contained the charges requested at trial. At the conclusion of the trial court's jury charge, when asked by the trial court for objections, defense counsel chose to "reserve the right . . . to file objections in the motion for new trial." The district attorney argues that the reservation for "motion for new trial" is not sufficient to preserve the objection when, as here, the failure to charge is not raised on motion for new trial. However, that is too narrow a view of the reservation of the right to object. It is not necessary, in order to raise an issue on appeal, that it be raised in the motion for new trial. OCGA § 5-5-40 (g). In *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980), this Court referred to preserving objections by "reserving the right to object on motion for new trial or on appeal." See also *McCoy v. State*, 262 Ga. 699 (2) (425 SE2d 646) (1993). We are aware of no authority, and the district attorney has cited none, limiting the opportunity to complain of a charge to the specific post-conviction vehicle mentioned in the reservation of objections. We conclude, therefore, that Freeman adequately preserved the objection for review on appeal.

Since Freeman met all four of the requirements established in *Smith*, the trial court's failure to charge the jury on the subject of battered person syndrome as a part of the charge on justification was error. However, the error infects only the conviction for the murder of Freeman's stepfather. OCGA § 16-3-21 (d), which codifies the defense on which Freeman depended, limits the defense to situations in which the defendant was the victim of family violence or child abuse committed by the deceased. Since the other victim was not a family member with a history of abusing Freeman, the defense was not available as to that victim's killing. Accordingly, we reverse only the conviction for the murder of Freeman's stepfather.

2. The evidence set out in the statement of facts at the beginning of this opinion was sufficient to authorize a rational trier of fact to

find Freeman guilty beyond a reasonable doubt of both the murders of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 261 Ga. 512 (1) (407 SE2d 732) (1991).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 9, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998.

*Rebecca Smith-Jones, Christopher A. Jones, Linda Lloyd,* for appellant.

*Michael H. Crawford, District Attorney, Robert D. Cullifer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.