S00A0513. JORDAN v. THE STATE.
(530 SE2d 192)

BENHAM, Chief Justice.

Appellant Jason Jordan was convicted of malice murder as a party to the crime and hindering the apprehension of a criminal in connection with the death of Thurman Martin.[1] On appeal, he takes issue with the sufficiency of the evidence presented against him, the trial court's failure to direct a verdict of acquittal, an evidentiary ruling, and the denial of his motion for new trial.

1. Appellant questions the sufficiency of the evidence presented by the State, and contends the trial court erred in denying his motion for directed verdict of acquittal on the murder charge. Since an appellate court reviewing a trial court's denial of a motion for directed verdict of acquittal applies the "sufficiency of the evidence" test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) (*Woods v. State,* 269 Ga. 60 (2) (495 SE2d 282) (1998)), we address these assertions together.

The State presented evidence that the victim was reported missing in mid-May 1997. When questioned by law enforcement officers, appellant initially denied knowing anything about the victim's disappearance. The victim's body, wrapped in shower curtains and a blanket and with four gunshot wounds to the back of the head, was found buried in the victim's backyard on July 3, 1997. On the day the body was discovered, appellant told authorities that, at midnight on May 18, a relative of the victim had taken appellant to a mobile home

---

[1] Mr. Martin was killed on May 18-19, 1997, after suffering several gunshot wounds to the head. Appellant was arrested on July 3, 1997, and indicted on March 2, 1998. His two-day trial commenced on April 21 and concluded with the return of the jury's guilty verdicts on April 22. His sentences of life imprisonment for murder and a five-year consecutive sentence for the hindering conviction were filed on May 6. The motion for new trial, filed on May 22, 1998, and heard on May 28, 1999, was denied July 27, 1999. An order granting appellant's motion for out-of-time appeal was granted October 22, 1999, and the notice of appeal was filed October 29. The record was initially filed in the Court of Appeals, which transferred the appeal to this Court where it was docketed on December 10, 1999. The case was submitted for decision on briefs.

adjacent to the victim's home where there were several guns. There, the relative and another man talked about killing the victim. Appellant and one of the other men put on camouflage pants and the three men walked to the victim's home where the two other men shot and killed the victim. Appellant admitted he picked up a spent shell and helped the two shooters bury the victim's body.

A person need not directly commit a crime to be charged and convicted of that crime, for

> [e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he: . . . (3) intentionally aids or abets in the commission of the crime; or (4) intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

OCGA § 16-2-20. A common criminal intent must be proven to establish that one is a party to a crime. *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982). While mere presence at the scene of a crime and mere approval of the criminal act do not amount to sufficient evidence to establish that a defendant is a party to the crime (*Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983)), criminal intent may be inferred from a defendant's conduct before, during and after the commission of the crime. *Sands v. State*, 262 Ga. 367 (2) (418 SE2d 55) (1992). Evidence of a defendant's conduct prior to, during, and after the commission of a criminal act will authorize the defendant's conviction for commission of the criminal act if a jury could infer from the conduct that the defendant intentionally encouraged the commission of the criminal act. *Simpson v. State*, 265 Ga. 665 (461 SE2d 210) (1995). See also *Burks v. State*, 268 Ga. 504 (491 SE2d 368) (1997). The evidence that appellant donned camouflage pants and accompanied to the victim's home two armed men who had just discussed in his presence killing the victim is evidence from which a jury could infer that appellant intentionally encouraged the commission of the criminal act. See id. That same evidence and appellant's actions after the victim was killed (looking for spent shells, wrapping and burying the body) were sufficient for the jury to conclude that appellant had the requisite criminal intent necessary to establish him as a party to the crime. That being so, there was sufficient evidence to authorize a rational trier of fact to find appellant guilty of murder beyond a reasonable doubt, and to uphold the trial court's denial of appellant's motion for directed verdict of acquittal.

2. Appellant was charged in the indictment with hindering the apprehension of a criminal (OCGA § 16-10-50 (a) (2)) in that, "with

intention to hinder the apprehension or punishment of a person known to have committed a felony . . . [he did] conceal evidence of the crime, in that . . . [appellant] did remove and conceal the body of [the victim]. . . ." One guilty of hindering the apprehension of a criminal is, at common law, an "accessory after the fact" and is not a "party to the crime" under OCGA § 16-2-20. *Moore v. State*, 240 Ga. 210 (1) (240 SE2d 68) (1977); *Martinez v. State*, 222 Ga. App. 497 (2) (474 SE2d 708) (1996). The statutory definition of hindering the apprehension of a criminal eliminates the possibility that one guilty of hindering participated as a party to the crime in the perpetration of the major crime. *Ivey v. State*, 186 Ga. 216 (197 SE 322) (1938); *Thaxton v. State*, 184 Ga. App. 779 (1) (362 SE2d 510) (1987). Since one may not be convicted of murder as a party to that crime and also be convicted of not being a party to the crime, but only an accessory after the fact, appellant's conviction for hindering the apprehension of a criminal must be set aside. Id.

3. Appellant next contends the trial court erred when it admitted into evidence an indictment which he contends misstated the law. While appellant raised the issue during the trial, he and the assistant district attorney subsequently jointly prepared the copy of the indictment to go out with the jury, and counsel for appellant stated he had no objection to the prepared copy. Accordingly, there is nothing to review on appeal.

4. Lastly, appellant maintains he was entitled to a new trial since, after his trial, one of the triggermen was tried on a charge of malice murder and convicted of voluntary manslaughter. Although evidence of the principal's acquittal is relevant in the trial of one accused of being a party to the crime purportedly committed by the principal (*White v. State*, 257 Ga. 236 (356 SE2d 875) (1987)), the principal's conviction of an included offense does not carry with it the same relevancy as an acquittal. See *Harrison v. State*, 257 Ga. 528 (3) (361 SE2d 149) (1987). Furthermore, in the case at bar, the second principal was tried for and convicted of malice murder. The trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 8, 2000.

*Lloyd D. Murray*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.