## S00A1108. THE STATE v. FREEMAN.
### (537 SE2d 92)

FLETCHER, Presiding Justice.

A jury convicted Roger Wayne Freeman of felony murder and hindering the apprehension of a criminal in connection with the shooting death of John Douglas Hopper. After a post-trial hearing, the trial court vacated the felony-murder conviction as illegal. We must decide whether a felony-murder conviction is void as a matter of law when a jury convicts a defendant of hindering the apprehension of a criminal as a lesser included offense of murder. Because a defendant cannot be both a party to a crime and an accessory after the crime, we affirm.

Freeman was indicted for the murder of his stepfather, James Lee Coleman, and his stepfather's friend, John Douglas Hopper, and tried two times. In November 1996, the first jury convicted Freeman of both counts of murder, but the trial court granted a new trial. At the second trial in June 1998, the state presented evidence that Freeman owned the gun that was used in the crimes, was in the trailer when his brother Scott "snapped" and started shooting, and helped Scott clean up the trailer after the shooting.[1] Roger Freeman

---

[1] See *Freeman v. State*, 269 Ga. 337 (496 SE2d 716) (1998).

requested a jury charge on accessory after the fact and hindering the apprehension of a criminal as a lesser included offense of murder, and the trial court gave both charges without objection from the state. The verdict form, which was approved by both the state and defendant, listed three offenses under each count: malice murder, murder, and hindering apprehension or punishment of a criminal.

The jury returned a verdict on both counts, which the court published, finding Freeman not guilty of malice murder and guilty of hindering apprehension of a criminal. The defendant moved to discharge the jury on the ground that his conviction for the lesser included offense of hindering acquitted him of the remaining felony murder charges by operation of law; the state did not oppose the motion. Nevertheless, the trial court gave the jury a dynamite charge under *Allen v. United States*[2] directing the jury to attempt to reach a verdict on the felony murder charges. After further deliberations, the jury found Freeman not guilty of the felony murder of Coleman, but guilty of the felony murder of Hopper. The trial court sentenced Freeman to life imprisonment on the murder charge and five years imprisonment on the hindering charges.

At the hearing on his motion for new trial, Freeman did not seek a new trial on the murder charge, but contended instead that his murder conviction should be vacated as a matter of law. The state conceded that the trial court had legal authority to vacate the sentence, but urged the court to let the jury's verdict stand. Finding that the jury returned mutually exclusive verdicts, the trial court vacated Freeman's conviction and sentence for felony murder. The state appeals that order.

1. OCGA § 5-7-1 sets out when the state may appeal an order, decision, or judgment in a criminal case. The code specifically provides that the state may appeal from an order "arresting judgment of conviction upon legal grounds."[3] An "arrest of judgment" is the "staying of a judgment after its entry; especially a court's refusal to render or enforce a judgment because of a defect apparent in the record."[4] The record to be considered on a motion in arrest of judgment in a criminal case is limited to the indictment, plea, verdict, and judgment.[5]

In this case, the record shows that the jury returned a verdict finding Freeman guilty of the offenses of murder and hindering

---

[2] 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

[3] See OCGA § 5-7-1 (a) (2).

[4] Black's Law Dictionary 105 (7th ed. 1999); see also OCGA § 17-9-61 (permitting either party to move in arrest of judgment for any nonamendable defect that appears on the face of the record or pleadings).

[5] *Gunn v. State*, 227 Ga. 786, 787 (183 SE2d 389) (1971); *Pippin v. State*, 172 Ga. 224 (157 SE 185) (1931).

apprehension involving the same victim. The trial court concluded as a matter of law that the verdicts were mutually exclusive and, therefore, vacated the felony-murder conviction and sentence. A review of the substance of that order, rather than its nomenclature, shows that the trial court set aside the murder conviction on legal grounds based on a defect appearing on the face of the record.[6] Because the trial court's order is, in effect, an order in arrest of judgment, the state is entitled to file a direct appeal under OCGA § 5-7-1.

2. This Court has previously held that a person cannot be both a party to a crime and an accessory after the fact.[7] "At common law and under modern practice, an accessory after the fact is not considered an accomplice to the underlying crime itself, but is guilty of a separate, substantive offense in the nature of an obstruction of justice."[8] The definition of hindering the apprehension of a criminal "eliminates the idea of participation by a person guilty of such an offense in the perpetration of the major crime [as a party to the crime]."[9] Therefore, we have set aside a conviction for hindering the apprehension of a criminal when the defendant was indicted and convicted for both that offense and malice murder.[10]

Despite this long-standing rule, the defendant in this case requested a charge on hindering as a lesser included offense of murder, the state did not object, and the trial court gave the requested charge. The jury returned a verdict finding Freeman guilty of both felony murder and hindering the apprehension of a criminal in connection with the same count. The defendant argued that his conviction for the lesser included offense of hindering acquitted him of the felony murder charges; because the state agreed, it waived any right to raise the issue on appeal.

Where a jury returns mutually exclusive verdicts, the trial court may refuse to accept the verdict and require the jury to continue its deliberations[11] or, if the jury has dispersed, the trial court may order a new trial.[12] The rationale for requiring a new trial in the latter situ-

---

[6] See *Marshall v. State*, 229 Ga. 841 (195 SE2d 12) (1972) (treating motion to withdraw pleas of nolo contendere as motion in arrest of judgment based on motion's substance).

[7] See *Moore v. State*, 240 Ga. 210, 211 (240 SE2d 68) (1977).

[8] Id. at 211-212.

[9] *Ivey v. State*, 186 Ga. 216 (197 SE 322) (1938); see also *Davis v. State*, 271 Ga. 527, 528 (520 SE2d 218) (1999) (no error when trial court declined in murder trial to charge that hindering the apprehension of a criminal is a lesser included offense of the crimes for which defendant was indicted); *Hill v. State*, 221 Ga. 65, 67 (142 SE2d 909) (1965) (finding no error in refusing to give charge on law related to an accessory after the fact when defendant is indicted and tried for being a principal in the crime).

[10] See *Jordan v. State*, 272 Ga. 395 (530 SE2d 192) (2000).

[11] *Dumas v. State*, 266 Ga. 797, 800 (471 SE2d 508) (1996).

[12] *Thomas v. State*, 261 Ga. 854, 856 (413 SE2d 196) (1992); see also *Jordan*, 272 Ga. at 397 (setting aside conviction for hindering the apprehension of a criminal when indictment

ation is that an appellate court cannot know what a properly instructed jury would have done. Unlike our previous cases, the trial court in this case created the mutually exclusive verdicts by requiring the jury to continue deliberations on the felony murder charge after it had found the defendant not guilty of malice murder and guilty of the hindering charge. In other words, the jury was required to determine whether Freeman was a party to the crime of felony murder after it had already determined that he was an accessory after the fact.

When a conviction is illegal or void as a matter of law, the trial court or appellate court may vacate it.[13] Because Freeman could not be convicted of being both a party to the murder and an accessory after the fact, the trial court had authority to vacate Freeman's murder conviction and life sentence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Michael H. Crawford, District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellant.

*Bruce S. Harvey*, for appellee.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, amici curiae.

charged defendant with that offense as well as malice murder).

[13] See *Smith v. State*, 267 Ga. 372 (477 SE2d 827) (1996); *Dennard v. State*, 263 Ga. 453 (435 SE2d 26) (1993).