## S01A0600. STANTON v. THE STATE.
### (549 SE2d 65)

FLETCHER, Presiding Justice.

John Stanton was convicted of malice murder, hindering the apprehension of a criminal, and possession of a firearm during the commission of a felony but acquitted of armed robbery in connection with the shooting death of his father-in-law, Thurman Martin.[1] The defendant was sentenced to life imprisonment on the murder charge and five years imprisonment on the other two charges. Stanton contends that the evidence did not support his convictions. Concluding that the evidence is sufficient, we affirm his convictions for murder and possession of a firearm, but reverse his conviction for hindering the apprehension of a criminal because a defendant cannot be convicted as both a principal to a crime and an accessory after the fact.

1. The evidence presented at trial shows that co-defendant Billy

---

[1] The shooting occurred on May 18 or 19, 1997, and the body was found on July 3, 1997. Stanton was indicted on March 2, 1998. The jury returned its verdict and the trial court sentenced him on July 16, 1998. Stanton filed a motion for a new trial on August 14, 1998, which was denied on November 20, 2000. Stanton filed a notice of appeal on November 30, 2000. The case was docketed in this Court on January 11, 2001, and submitted for decision on March 5, 2001.

Crowder shot Martin, his grandfather, two times in the back of the head while Martin was sleeping and then Stanton shot Martin twice.[2] Along with co-defendant Jason Jordan, a friend of Crowder's, the men placed a plastic bag on Martin's head, wrapped him in a shower curtain, buried him in the yard, and planted tomato plants over him.[3] Both Crowder and Stanton admitted at trial that they shot Martin, but asserted a justification defense based on the battered person syndrome. Several witnesses testified that Martin had repeatedly beaten, cursed, and threatened Crowder, his sister, and his mother, who was married to Stanton. A psychologist testified that Crowder and Stanton believed shooting Martin in his sleep was the only way to end the abuse. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Stanton guilty of the crimes charged.[4]

2. An appellate court may vacate a conviction that is void as a matter of law.[5] We have held that a person cannot be both an accomplice to a crime and an accessory after the fact to the same crime.[6] Based on this rule, we previously set aside co-defendant Jordan's conviction for hindering the apprehension of a criminal, concluding that he could not be convicted of that crime and the malice murder of Martin.[7] Because Stanton also cannot be convicted as both a principal to Martin's murder and an accessory after the fact, we reverse his conviction for hindering the apprehension of a criminal.

3. Stanton contends that his trial counsel was ineffective in failing to call witnesses, adequately cross-examine each witness, investigate the crime scene, move for a change of venue, and move for a continuance based on the defendant's poor health. The record shows that trial counsel received discovery from the state, including photographs and diagrams of the crime scene; met with his client several times; interviewed potential witnesses for the defense; and interviewed every witness on the state's list. At trial, defense counsel called six witnesses to testify, including the defendant, and cross-examined five of the six witnesses for the state. At the motion for new trial, Stanton's trial counsel explained that he did not file a motion for a change of venue because he thought the community's

---

[2] See *Crowder v. State*, 241 Ga. App. 818 (527 SE2d 901) (2000) (affirming convictions for voluntary manslaughter, armed robbery, and hindering apprehension of a criminal).

[3] See *Jordan v. State*, 272 Ga. 395 (530 SE2d 192) (2000) (affirming conviction for malice murder as a party to the crime).

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] See *State v. Freeman*, 272 Ga. 813 (537 SE2d 92) (2000).

[6] See *Moore v. State*, 240 Ga. 210 (240 SE2d 68) (1977).

[7] See *Jordan*, 272 Ga. at 396-397; see *Thaxton v. State*, 184 Ga. App. 779 (362 SE2d 510) (1987).

knowledge of the victim would aid Stanton's battered person defense. He acknowledged that Stanton was sick throughout the trial, but said that Stanton was still able to assist in his defense and his illness did not affect counsel's performance. Based on this evidence, we conclude that Stanton has failed to show that trial counsel's performance was deficient or that his performance prejudiced the defense.

4. Having reviewed the remaining enumerations of error, we find Stanton has provided no factual support for his allegation that the jury pool was tainted due to prejudicial pre-trial publicity or juror misconduct. Furthermore, we conclude that the trial court did not err in failing to sever Stanton's trial from Crowder's after Stanton withdrew his motion to sever or in failing to order a change in venue to another county on the court's own motion.[8]

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 25, 2001.

*Samuel G. Oliver*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.