**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 3, 2012**

# In the Court of Appeals of Georgia

A12A0490. PETERSON v. BANKER.

BLACKWELL, Judge.

Following a bench trial, the court below entered judgment for Judi Digilio Banker on her claim against Charles Alexander Peterson for malicious prosecution, and the court awarded more than $250,000 to Banker as damages.[1] Peterson had attempted on seven occasions to have Banker prosecuted, and the court below concluded that five of these occasions — one warrant application in Fulton County and four applications in Rabun County — were actionable as malicious prosecutions. But the magistrate court in Fulton County declined to issue a warrant, and on one application, so did the magistrate in Rabun County. To be actionable as a malicious

---

[1] The judgment also dealt with, among other things, the ownership of some dogs and a boat, but those parts of the judgment are not at issue here.

prosecution under the precedents, an attempt to have someone prosecuted must result in the issuance of a valid warrant, summons, accusation, or other formal process. See *Gooch v. Tudor*, 296 Ga. App. 414, 416 (1) (674 SE2d 331) (2009); *Cox v. Turner*, 268 Ga. App. 305, 305-306 (1) (601 SE2d 728) (2004); *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 486 (1) (546 SE2d 861) (2001); see also *South Ga. Grocery v. Banks*, 52 Ga. App. 1, 6 (182 SE 61) (1935) ("Simply making an affidavit before a justice of the peace, charging one with an offense against the criminal laws of this State, when not followed up by an arrest, does not render the prosecution, even if malicious and without probable cause, actionable.") (citation and punctuation omitted). Accordingly, the court below should not have awarded damages for the warrant applications that resulted in the issuance of no warrant, and so we must vacate the judgment below to the extent that it awards damages for malicious prosecution, and we remand this case for further proceedings consistent with this opinion.[2]

*Judgment vacated in part, and case remanded. Mikell, P. J., and Miller, J., concur.*

---

[2] We have reviewed the other claims of error that Peterson asserts on appeal, and we conclude that they are without merit. Because no error appears in the conduct of the bench trial, only in the judgment and award of damages, the court below may rely upon the record made at trial to enter a new judgment, and no new trial is required.