# FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0530. PETERSON v. BANKER.                    DO-030

DOYLE, Presiding Judge.

This is the second appearance of this civil action before this Court. As explained in our earlier opinion,

> [f]ollowing a bench trial, the court below entered judgment for Judi Digilio Banker on her [counter]claim against Charles Alexander Peterson[1] for malicious prosecution, and the court awarded more than $250,000 to Banker as damages. Peterson had attempted on seven occasions to have Banker prosecuted, and the court below concluded that five of these occasions — one warrant application in Fulton County

---

[1] Peterson initiated the civil action against Banker, alleging claims of trover and conversion.

and four applications in Rabun County — were actionable as malicious prosecutions.[2]

Upon review, this Court determined that Fulton County and Rabun County declined to issue two out of the five warrants at issue and, therefore, vacated "the judgment below to the extent that it award[ed] damages for malicious prosecution" with regard to those warrant applications and remanded "for further proceedings consistent with [the] opinion."[3]

On remand, the trial court, relying on the record made during the bench trial as this Court determined was proper,[4] decided that in light of the facts determined at trial, Banker was due $245,000.

1. Peterson first contends that the trial court erred by "basically ignor[ing]" this Court's remittitur and reinstating most of the damages for malicious prosecution. Nevertheless, the trial court's order on remand was thorough and well-reasoned, and the trial court cited ample evidence supporting its finding that Peterson's malicious

---

[2] (Footnote omitted.) *Peterson v. Banker*, 316 Ga. App. 571, 571-572 (730 SE2d 89) (2012).

[3] Id. at 572.

[4] See id. at 572, n. 2.

2

prosecutions of Banker resulted in the damages so awarded.[5] Accordingly, this enumeration is without merit.

2. Next, Peterson challenges the amount of attorney fees awarded to Banker after remand[6] because this Court's previous opinion vacated that judgment and, thus, Banker had no prevailing counterclaim to support the attorney fee award. We disagree.

"In order to recover attorney fees as expenses of litigation pursuant to OCGA § 13-6-11, the plaintiff must show that the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. We will affirm an award of attorney fees . . . if there is any evidence to support it."[7]

---

[5] See, e.g., *Gooch v. Tudor*, 296 Ga. App. 414 (674 SE2d 331) (2009) ("While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. OCGA § 9-11-52 (a). Because the clearly erroneous test is in effect the same standard as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.") (punctuation omitted).

[6] We note that the trial court reduced the attorney fee award from $58,508.48 to $55,000 after issuing a new order pursuant to our opinion in *Peterson*, 316 Ga. App. at 572.

[7] (Footnote and punctuation omitted.) *Monterrey Mexican Restaurant of Wise, Inc. v. Leon*, 282 Ga. App. 439, 450 (6) (638 SE2d 879) (2006).

In *Peterson*, this Court did not find that the underlying claim of malicious prosecution was without merit, this Court simply vacated the award and remanded for the trial court to review the award in light of our holding that two of the five warrants at issue were not sufficient to sustain a finding of malicious prosecution.[8] Moreover, Peterson did not appeal the initial award of the attorney fees during that appeal, and arguably, he has waived this issue for review. In any event, his enumeration of error fails because Banker's malicious prosecution claim constituted a prevailing claim for purposes of an award of attorney fees pursuant to OCGA § 13-6-11.

3. Banker's motion for frivolous appeal damages is hereby denied.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[8] See 316 Ga. App. at 572.