**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 24, 2017**

# In the Court of Appeals of Georgia

A17A0748. MALAK v. UNIFUND CCR, LLC.

BRANCH, Judge.

Mohamad Malak appeals following a judgment against him on a credit card account. For the reasons that follow, we reverse.

The record shows that on May 31, 2013, Unifund CCR, LLC, as the assignee of Citibank, NA, filed a suit on a Citibank credit card account alleging that Malak was indebted to Unifund in the sum of $13,242.37 plus interest. Malak, at all times acting pro se, answered and denied that he owed the amount of money stated in the complaint, and he challenged the rate of interest. On May 20, 2014, the trial court gave notice of a non-jury trial to be held on June 19, 2014. On June 5, 2014, Unifund filed a motion for summary judgment and attached the affidavit of Jessica Bergholz,

an agent and record custodian of Unifund, who averred to facts regarding Malak's debt. Malak did not respond to this motion.

On the day scheduled for trial, Malak filed an amended answer in which he asserted that the debt was barred by the applicable six-year statute of limitations. At the request of Unifund, the court continued the "trial and hearing" to August 14, 2014. At the beginning of the proceedings that day, the court stated that the hearing concerned Unifund's motion for summary judgment.[1] Unifund countered, however, that it thought the hearing was for a trial, and it explained that it had a witness; Unifund's counsel stated, "So if you just want to go ahead for trial, we can just forego [the motion for summary judgment]." The court then confirmed with Unifund that it was "just moving forward with the trial." The hearing proceeded as a bench trial, with live witnesses, cross-examination, the presentation of evidence, and rulings regarding the admissibility of evidence. Malak did not object to the procedure.

At trial, Unifund waived all claims of interest and demanded only the principal and court costs. Unifund then called Malak on cross-examination as its first witness. Malak, still pro se, admitted that the credit card account belonged to him, that he

---

[1] On that day, the court announced that due to unexpected circumstances, the assigned judge would not be able to be present and that another State Court judge would be sitting in.

opened it in 2001, and that he last made a payment in April 2009. He testified that he ceased making payments thereafter because he disputed the balance due. Unifund's only other witness, Doug Hallock, a trial litigation specialist employed by Unifund who had previously been employed by Citibank, testified to a series of assignments by which the Citibank debt was transferred to Unifund, and he introduced an exhibit to that effect. Malak objected to the authenticity of the document. The court overruled the objection and found that the witness had authenticated the document. Hallock also testified that the same document showed that the amount due on the account was $13,242.37, which included Citibank's "internal charges and accruing interest." But Hallock testified that according to a separate exhibit comprised of Citibank account statements dated November 25, 2008 through November 24, 2009, the amount due at the time of Malak's last payment was $11,546.16. That exhibit also shows Malak's last payment as being made in April 2009, but the exhibit does not show any charges by Malak, other than late fees, during that one year period. Unifund's exhibits were admitted without further objection. On cross examination, Hallock admitted that he had not presented any evidence showing any charges by Malak on the credit card account; the witness explained that he only had 12 months of statements. But he

testified that there would not have been a balance on the card if it had not been used, other than under circumstances such as a balance transfer.

Malak testified in his own defense that the account was in dispute at the time that he made the final payment, which he understood would satisfy his debt. He testified that he disputed the debt with Citibank both "by conversation and by writing" but that he did not have any physical evidence of the dispute because his house burned down in 2010. He testified that "Citibank did not respond to me in the proper manner" and that he assumed his case was closed. On rebuttal, Unifund's witness testified that there was no indication in Unifund's two exhibits that Malak had disputed the Citibank account. The witness also explained the Citibank dispute resolution process and testified that Citibank would not have sold an account that was in dispute.

On November 18, 2014, the trial court issued an order stating that on August 14, the court had held a hearing on the motion for summary judgment; but it also stated that Malak and a witness for Unifund had "testified" at that hearing. The court then issued its decision "[a]fter considering the testimony, evidence, and record in the case." In the order the court indicated that among other things, it relied on Bergholz's affidavit attached to Unifund's motion for summary judgment, as well as the

4

"evidence and exhibits introduced at the hearing." The court then held that Unifund's claims were not barred by the statute of limitations; that Unifund met its burden of proof as to the amount owed by Malak based on the affidavit and exhibits attached to the motion for summary judgment, and the testimony and exhibits "admitted during trial"; that there was no genuine issue of material fact; that although Malak testified that he had disputed the debt with Citibank, he had "presented no evidence to support that he disputed the debt," whereas Unifund's witness testified that the account record did not show that Malak had disputed the debt; and that therefore, Unifund was entitled to a judgment in the amount of $11,546.16, plus court costs, and post-judgment interest.

On December 17, 2014, Malak filed a combined "Notice of Appeal and Request for New Trial." The court then scheduled and held a hearing on Malak's "Motion for New Trial." On May 8, 2015, however, the trial court entered an order in which the court explained that it was considering Malak's "Notice of Appeal and Request for New Trial" as a motion for reconsideration of the grant of summary judgment:

> As an initial matter, the Court notes that both the parties and the Court have used the term "trial" to describe the Motion for Summary Judgment

hearing held on August 14, 2014. The Court's Order filed November 18, 2014 set out the burden of proof that must be met by the moving party in a summary judgment motion. The Court found that Plaintiff met its burden in showing that no genuine issues of material fact were in dispute and that Plaintiff was entitled to judgment in its favor and damages as set forth in the Complaint. The Court further notes that in a summary judgment proceeding, a plaintiff may bear a higher burden of proof than at trial because all evidence is construed in the light most favorable to the non-movant. Although Defendant has styled his pleading filed December 17, 2014, as a "Notice of Appeal and Request for New Trial," the Court will consider Defendant's pleading and argument as a motion for reconsideration of the Court's entry of summary judgment in favor of Plaintiff on November 18, 2014.

The court then denied Malak's motion. On June 5, 2015, Malak filed a second notice of appeal and did so within 30 days of the court's May 8, 2015 order.

1. In its only argument on appeal, appellee Unifund contends that Malak's appeal should be dismissed because Malak filed his notice of appeal on June 5, 2015, more than 30 days after the court's November 2014 order, and Malak's motion for reconsideration did not toll the time for filing the notice of appeal because "there was no trial." We find Unifund's argument to be disingenuous and without merit.

In its November 2014 order, the trial court entered either summary judgment against Malak or a judgment following a bench trial. Malak was entitled to a direct

6

appeal in either case. See OCGA §§ 9-11-56 (h); 5-6-35 (a) (1) (final judgments). And Malak filed his first notice of appeal within 30 days of that ruling. To the extent the trial court's May 2015 order can be considered the denial of a motion for new trial following a bench trial, Malak had a right of direct appeal from that ruling, too. See OCGA § 5-6-38 (a). And he filed a timely notice of appeal. Moreover, the trial court's after-the-fact decision to characterize the hearing as one for summary judgment is not supported by the actual events that occurred on August 14, 2014. Unifund stated in open court that it was proceeding with a trial, it withdrew consideration of its motion for summary judgment, the court accepted Unifund's decision, and Malak tacitly assented to that procedure. Cf. *Stanton v. State*, 274 Ga. 21, 23 (4) (549 SE2d 65) (2001) (trial court did not err in failing to sever trial after defendant withdrew motion to sever). We therefore hold that Malak either properly filed a notice of appeal within 30 days of the judgment following a bench trial or properly filed a notice of appeal following the denial of his motion for new trial. Unifund's request that we dismiss Malak's appeal is therefore denied.

2. Malak first contends the trial court erred by granting summary judgment because Unifund withdrew its motion and requested to proceed with trial. We agree for the reasons already shown. Thus, to the extent the trial court granted summary

7

judgment in favor of Unifund, the trial court's order is reversed. Moreover, given that Unifund had withdrawn its motion for summary judgment, the trial court erred by applying a summary judgment standard in its order following the trial.

3. Malak contends the trial court erred in allowing the Bergholz affidavit into evidence. We agree. The document was not submitted at trial as an exhibit following Unifund's withdrawal of its motion for summary judgment.

4. Malak contends the trial court erred by drawing conclusions about his credit card debt based on the Bergholz affidavit. We agree. In its November 2014 order, the trial court held that "Ms. Bergholz proved that Defendant had a credit card with Plaintiff, that Defendant defaulted in payments, and that the sum owed is $13,242.37 plus interest." Because this evidence was not admitted at trial, the trial court erred by relying on it in its order following the trial.

5. Malak contends the trial court erred by overruling his statute of limitations defense. He contends that Unifund failed to show that his account became due and payable within six years of when Unifund filed suit. See OCGA § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."); *Phoenix Recovery Group v. Mehta*, 291 Ga. App. 874, 875 (663 SE2d 290) (2008) ("six-year statute of limitation for contracts applied

8

to an action to recover unpaid credit card charges"). "The statute of limitation defense is an affirmative defense under OCGA § 9-11-8 (c), and thus the burden of proof was on [Malak] to show that the statute bars [Unifund's] claims." *Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13, 18 (1) (a) (802 SE2d 346) (2017).

We find no error. Malak failed to satisfy his burden of showing that Unifund's claim was brought more than six years after the debt became due and payable. And even if Unifund's suit was barred by the statute, which we do not decide, Unifund filed suit within six years of Malak's final payment on the account, a payment that Malak admitted making. Under Georgia law, "[a] payment entered upon a written evidence of debt by the debtor or upon any other written acknowledgment of the existing liability shall be equivalent to a new promise to pay[,]" which functions "to renew a right of action already barred." OCGA §§ 9-3-112; 9-3-110; see also *SKC, Inc. v. EMAG Solutions*, 326 Ga. App. 798, 801-802 (1) (755 SE2d 298) (2014).

In sum, Malak failed to show that the trial court erred by holding that Unifund's suit was not barred by the statute of limitations but the trial court's judgment shows that it relied on inadmissible evidence and the wrong legal standard. We therefore reverse the court's judgment against Malak. But "[b]ecause no error

9

appears in the conduct of the bench trial, only in the judgment . . . , the court below may rely upon the record made at trial to enter a new judgment, and no new trial is required." *Peterson v. Banker*, 316 Ga. App. 571, 572, n. 2 (730 SE2d 89) (2012). Accordingly, the case is remanded for the trial court to issue a new order on the bench trial based on properly admitted evidence.

*Judgment reversed and case remanded with direction. McFadden, P. J., and Bethel, J., concur*.