**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 21, 2021**

# In the Court of Appeals of Georgia

A20A2092. WILLIAMS v. THE STATE.

MERCIER, Judge.

Following a jury trial, Barry Williams was convicted of two counts of fleeing or attempting to elude a police officer, and one count each of reckless driving, obstruction of an officer, driving without a license, speeding, operating an unregistered vehicle, failure to maintain lane, driving without proof of insurance, failure to stop at a stop sign, and a turn signal violation. Williams filed a motion for new trial, which the trial court denied. He appeals, claiming that the trial court plainly erred by allowing the arresting officer to testify about alleged hearsay and by denying his motion in limine regarding the State's unrebutted evidence at trial. Finding no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence presented at trial revealed the following. See *Gates v. State*, 298 Ga. 324, 325 (1) (781 SE2d 772) (2016). On April 19, 2017, a deputy with the Paulding County sheriff's office conducted zone patrolling for speeding vehicles in a marked police vehicle. The sheriff's office had received "several complaints in reference to speeding vehicles and speeding motorcycles" in the area. As the deputy was conducting a zone patrol, he heard a motorcycle approaching at a high rate of speed, and he observed that the motorcycle did not have a license plate, so he attempted to complete a traffic stop. A video recording of the deputy's encounter with the motorcyclist was played for the jury.

The motorcyclist sped past the deputy, turned into a neighborhood, performed an u-turn to face the deputy and slowed to a stop. While facing the deputy, the motorcyclist pushed up his helmet visor and "waived to [the deputy] like come on." The motorcyclist then drove away very quickly, and the deputy testified that he failed to use a turn signal, failed to maintain a lane, and failed to stop at a stop sign. Based on the deputy's training and experience, he estimated that the motorcyclist drove in excess of 110 miles per hour. After speeding away for approximately one minute, the motorcyclist slammed on his brakes, "slid[] off into [a] ditch[,] . . . laid the

2

[motorcycle] over and jumped off and began running" into the woods. The deputy did not give chase on foot because he believed it was not safe to follow the suspect into the woods by himself and he knew the identity of driver. As the motorcyclist ran away, the deputy yelled, "I know who you are! I got you!" He then radioed into the sheriffs's office dispatch and reported that the motorcyclist had escaped on foot and provided the direction where the suspect was traveling. The deputy described the motorcyclist's appearance to dispatch and said "I know who he is. . . name's Barry Williams." The deputy testified that he knew Williams because Williams "and [the deputy's] sister have children together."

Following the chase, the deputy learned that Williams did not have a motorcycle driver's license or a motorcycle driver's permit, that the motorcycle was not registered to Williams, and there was no valid insurance for the motorcycle.

This appeal follows the denial of Williams's motion for new trial.[1]

1. Williams claims that the trial court committed plain error when it allowed the deputy to testify that he had "previous intel" regarding the identity of the

---

[1] While Williams's motion for new trial was made on general grounds, with some exceptions not present in Williams's appeal, "[i]t is not necessary, in order to raise an issue on appeal, that it be raised in the motion for new trial." *Freeman v. State*, 269 Ga. 337, 339 (1) (d) (496 SE2d 716) (1998); see OCGA § 5-5-40 (g).

motorcyclist. Specifically, when the deputy was asked during the State's direct examination how he knew that Williams was the motorcyclist, the deputy replied that he saw Williams when he waived the deputy on, and that "we had previous intel of him being on that motorcycle." Williams failed to object to this testimony, therefore the error is subject to plain error review. See *Gates*, supra at 326 (3). In plain error review, we apply the four-pronged standard found in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011):

> First, there must be an error or defect - some sort of deviation from a legal rule - that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error - discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

Id. at 33 (2) (a) (emphasis, citation and punctuation omitted). "Thus, beyond showing a clear or obvious error, plain-error analysis requires the appellant to make an affirmative showing that the error probably did affect the outcome below." *Gates*, supra at 327 (3) (citation and punctuation omitted).

4

Setting aside whether the testimony was properly admitted, Williams cannot affirmatively show that the alleged error probably affected the outcome below. The deputy stated that he knew that Williams was the motorcyclist because he saw him and because he was familiar with Williams, who was the father of his sister's children. Therefore, it cannot be said that any error in the admission of the claimed hearsay evidence likely affected the outcome below. See *Allen v. State*, __ Ga. ___ (3) (S20A1081, S20A1082) (decided November 16, 2020) (under plain error analysis, "[t]he erroneous admission of hearsay is harmless where substantial, cumulative, legally admissible evidence of the same fact is introduced") (citation and punctuation omitted); see generally *Gates*, supra at 327 (3).

2. Williams contends that "the trial court erred when it allowed the State to argue that because Williams did not rebut the State's evidence, he was not entitled to the presumption of innocence."

(a) Prior to closing arguments, Williams moved to restrict the State from mentioning during closing "[a]ny language . . . arguing about how the evidence is unrebutted in this case [because] that's burden shifting on to the Defense." The trial court denied Williams's motion in limine and held that the State could argue that Williams failed to rebut or explain the State's evidence. "The denial of a motion in

5

limine is reviewed on appeal for abuse of discretion." *Rowland v. State*, 306 Ga. 59, 67 (5) (829 SE2d 81) (2019).

"An argument that the defendant has not rebutted or explained the State's evidence does not amount to an improper burden-shifting argument." *Kilgore v. State*, 300 Ga. 429, 432 (2) (796 SE2d 290) (2017). As Williams's motion in limine sought to limit the State from arguing that he had failed to rebut the State's evidence, the trial court did not abuse its discretion in denying Williams's motion. See generally id.

(b) Williams also claims that the trial court erred by allowing the State to improperly argue that the burden of proof had shifted to him. Specifically, the prosecutor stated the following during the State's closing argument:

> When the defendant walked into this courtroom and before the evidence was presented, he was presumed innocent. But at this point now that all the evidence is in, all of the evidence you heard from our officer, all the evidence that the State had to present on this case is in, it is unrebutted at this point. We have all the evidence. He no longer has that presumption of innocence.

The prosecutor's statements on the presumption of innocence misstate the law. See *Clark v. State*, 307 Ga. 537, 544 (2) (c) (837 SE2d 265) (2019); *Scott v. State*, 227 Ga. App. 900, 903 (6) (490 SE2d 208) (1997). As such, "the trial court should

6

have so instructed the jury." *Scott*, supra. However, the particular facts of this case show no grounds for reversal. During the jury charge, the trial court instructed the jury that the law was to come from the court and charged the jury on the burden of proof and presumption of innocence, stating that Williams was presumed innocent until proven guilty. The jury was presumed to follow the trial court's instructions. See generally Clark, supra. at 545 (2) (c). Considering the trial court's subsequent instructions, and the evidence against Williams, we find any error harmless beyond a reasonable doubt. See generally id; *Scott*, supra.

*Judgment affirmed. Miller, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

7