## A02A1868. GLOVER v. THE STATE.
(574 SE2d 565)

ELLINGTON, Judge.

In connection with a murder for hire, Charles Glover pled guilty to reduced charges of conspiracy to commit murder and two counts of solicitation of murder. See OCGA §§ 16-5-1 (murder); 16-4-7 (criminal solicitation); 16-4-8 (conspiracy to commit a crime). Glover received a sentence of ten years imprisonment for conspiracy and five

---

years on each count of solicitation, each sentence to run consecutively. Glover later filed a "motion for modification," arguing, inter alia, the sentence was illegal because the crime of solicitation was included in the crime of conspiracy. The Muscogee County Superior Court denied his motion, and Glover appeals. Because Glover waived this objection to his sentence by entering a negotiated guilty plea, we affirm.

Although he styled his motion as one to modify his sentence, Glover argued that the sentence was void and illegal. See *Curtis v. State*, 275 Ga. 576 (1) (571 SE2d 376) (2002) (a sentence which violates OCGA § 16-1-7 (a) (1), by sentencing a defendant for an offense which is included in another offense, is illegal and void). Accordingly, we review the trial court's order as one denying a motion to correct a void sentence. *Howard v. State*, 234 Ga. App. 260, 261 (1) (506 SE2d 648) (1998). See *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001) ("there is no magic in mere nomenclature, and pleadings are construed to serve the best interests of the pleader, and are judged by function rather than name") (citations and punctuation omitted).

Because the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to the undisputed facts. *State v. Allen*, 256 Ga. App. 798 (570 SE2d 34) (2002). At the sentencing hearing, the State described the underlying facts as follows:

> On or about August 15th, of 1993, Mr. Glover approached a man by the name of James Bailey requesting that he kill Mack Harris [whom Glover blamed for the disappearance of a large quantity of cocaine]. This would form one of the counts of solicitation and at that time Mr. Bailey had turned the job down. . . . Mr. Glover said that's okay, I'll get Jack Baldwin out of Florida. Mr. Baldwin received a phone call on August 18th and checked into a motel in Columbus, Georgia on August 20th, 1993. On August 21st of 1993, the next day, Mr. Jack Baldwin went to Mr. Glover's residence and they discussed the terms of the contract and how much money would be paid for doing the killing. . . . [At a second meeting that day, Baldwin told Glover] that he was prepared to go through with the killing that evening.

After midnight Baldwin and an accomplice went to Harris' residence and shot him dead. Glover paid Baldwin $2,500 in advance and $2,500 after the murder was completed.

In Count 2, the indictment charged that on August 15, 1993, Glover solicited Bailey to murder the victim. In Count 3, the indictment charged that on August 21, 1993, Glover solicited Baldwin to

murder the victim. In Count 1, the indictment charged that on August 22, 1993, Glover conspired with Baldwin to murder the victim and in furtherance of the conspiracy paid Baldwin $2,500.

Glover contends the facts necessary to prove both acts of solicitation were included in the facts necessary to prove the conspiracy. Therefore, Glover contends, the three crimes merged and the trial court erred in convicting and sentencing him separately on each count. The State contends Glover waived the illegality of his sentence by entering a negotiated guilty plea. We agree. "It is well established that a plea of guilty waives all defenses other than that the indictment charges no crime." (Citation, punctuation and emphasis omitted.) *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995). We are mindful of the maxim that a plea bargain agreement "may be considered as a contract." *State v. Hanson*, 249 Ga. 739, 746 (3) (295 SE2d 297) (1982). See also *Powell v. State*, 229 Ga. App. 52, 53 (1) (494 SE2d 200) (1997); *Martin v. State*, 207 Ga. App. 861, 863 (429 SE2d 332) (1993). Therefore, as we have held, where a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly accepts a specified sentence as to properly charged counts, he waives any claim that there was in fact only one act and that the resulting sentence is void on double jeopardy grounds. *Battle v. State*, 235 Ga. App. 101, 102, n. 5 (508 SE2d 467) (1998); *Manry v. State*, 226 Ga. App. 445, 446 (487 SE2d 80) (1997). Cf. *Curtis v. State*, 275 Ga. at 576 (1) (where a defendant pleads not guilty and goes to trial, the issue of whether a sentence is illegal because the convictions merged as a matter of fact is not an issue that may be waived by the defendant's failure to raise it in the trial court).

In this case, Glover willingly embraced a combined twenty-year sentence, on three properly charged counts, as his punishment for buying another man's death. "The parties made a bargain. . . . Having accepted the benefit of the bargain with the State . . . , it is [Glover] who now seeks to avoid living up to his part of the bargain. This he cannot do. Public policy and the great ends of justice require that the arrangement between the public prosecutor and the defendant be carried out." (Citation and punctuation omitted.) *Martin v. State*, 207 Ga. App. at 863. Regardless of whether the trial court would have been required to merge the solicitation counts into the conspiracy count after a trial, Glover waived his objection to being sentenced on all three counts by entering a negotiated guilty plea. The trial court properly rebuffed his later attempt to have the sentence reduced by arguing the counts were duplicative.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 2002 —
RECONSIDERATION DENIED NOVEMBER 21, 2002

Charles Glover, *pro se.*
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.