## A05A1344. FRADY v. THE STATE.
(621 SE2d 799)

PHIPPS, Judge.

Cheyenne Junior Frady pled guilty to voluntary manslaughter and hindering the apprehension of a criminal.[1] For these crimes, he received sentences of twelve years (to serve four) and five concurrent years (to serve all), respectively. About 11 months later, Frady filed a pro se "motion to correct illegal/void sentence," arguing that the conviction and sentence for voluntary manslaughter were illegal because he was also convicted and sentenced for hindering the apprehension of a criminal in connection with the homicide. In addition, Frady asserted that he had pled guilty to "the charge of 'party to the crime of voluntary manslaughter' and not the charge of 'voluntary manslaughter' as is reflected on [his] final disposition sheet." The trial court thereafter ordered that Frady's "sentence shall be modified as follows: Ct. 8 [hindering the apprehension of a criminal] is merged with Ct. 5 [voluntary manslaughter]." Pro se on appeal, Frady maintains that the trial court erred by refusing to vacate his voluntary manslaughter conviction and sentence. Because his arguments are without merit, we affirm the trial court's modified sentence order that merged the two convictions for purposes of sentencing.[2]

---

[1] Frady also pled guilty to simple assault, but he raises no contention concerning his sentence for that crime.

[2] Frady also argued that, because the court imposed the maximum imprisonment term without probation for the crime of hindering the apprehension of a criminal, imposition of a $500 fine for that same crime was not authorized. The court subsequently vacated that fine, and this matter is not raised in this appeal. See generally *Hendrix v. State*, 199 Ga. App. 599, 602 (3) (405 SE2d 576) (1991) (where trial court does not award probation, the imposition of a fine in addition to a prison sentence is outside the trial court's discretion).

At the guilty plea hearing, the following factual bases were established for the crimes at issue in this appeal. In November 2002, Frady was living with his girlfriend. Her brother and her ex-boyfriend came to their residence, and Frady pointed a crossbow at her brother and in the general direction of her ex-boyfriend. Later that evening, Frady engaged in a verbal altercation with his girlfriend's ex-boyfriend on the telephone. Afterward, the ex-boyfriend and about four other individuals came to the residence looking for a fight. Frady exited the residence and grabbed a shovel; the ex-boyfriend grabbed a crutch (which he did not need for any medical reason). As the two men were threatening each other, Frady's son fatally shot the ex-boyfriend with a crossbow. Frady then took his son to another county, where the two remained in hiding even after confirming that the ex-boyfriend was dead. At Frady's instruction, his son hid the crossbow in nearby woods.

1. Frady contends that the trial court erred by merging for sentencing purposes the conviction for hindering the apprehension of a criminal into the voluntary manslaughter conviction and argues that instead the trial court should have vacated his voluntary manslaughter conviction. He cites *Jordan v. State*,[3] *Stanton v. State*,[4] and *State v. Freeman*,[5] wherein the Supreme Court of Georgia vacated either the appellant's conviction for homicide or his conviction for hindering the apprehension of a criminal in connection with that homicide based on the rule that a person cannot be both an accomplice to a crime and an accessory after the fact to the same crime.

But in relying on *Jordan*, *Stanton*, and *Freeman*, Frady ignores a critical distinction. In each of those cases, the defendant pled not guilty and punishment was imposed after a trial. Frady's initial sentencing was imposed pursuant to a negotiated guilty plea.

Frady was indicted for two counts of aggravated assault, murder, felony murder, and hindering the apprehension of a criminal. In addition, the indictment set forth a recidivist count, alleging that he had been convicted of two prior felonies. Pursuant to the negotiated plea, nolle prosequi was entered for one count of aggravated assault (pointing the crossbow at his girlfriend's ex-boyfriend), the count of felony murder, and the recidivism count; Frady pled guilty to hindering the apprehension of a criminal, for which he received a five-year sentence, to serve all; he pled guilty to a reduced charge of voluntary manslaughter, for which he received a twelve-year sentence, to serve four (concurrent); and he pled guilty to a reduced charge of simple

[3] 272 Ga. 395 (530 SE2d 192) (2000).
[4] 274 Ga. 21 (549 SE2d 65) (2001).
[5] 272 Ga. 813 (537 SE2d 92) (2000).

assault (pointing the crossbow at his girlfriend's brother), for which he received a twelve-month sentence (concurrent).[6] The record reveals that, as punishment for his role in the incident, Frady willingly embraced the sentences imposed.

A plea bargain agreement may be considered a contract.[7] And "where a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly accepts a specified sentence as to properly charged counts, he waives any claim that there was in fact only one act and that the resulting sentence is void on double jeopardy grounds."[8] This is essentially the basis of Frady's challenge.[9] Here,

> [t]he parties made a bargain. Having accepted the benefit of the bargain with the State, . . . [Frady] . . . now seeks to avoid living up to his part of the bargain. This he cannot do. Public policy and the great ends of justice require that the arrangement between the public prosecutor and the defendant be carried out. Regardless of whether the trial court would have been required to merge the [hindering the apprehension of a criminal] count[ ] into the [homicide] count after a trial, [Frady] waived his objection to being sentenced on [both] counts by entering a negotiated guilty plea.[10]

Thus, the circumstances of this case authorized the trial court to convict and sentence Frady on both crimes. Nevertheless, the trial court ultimately merged the hindering the apprehension count with the voluntary manslaughter count for purposes of sentencing. Frady's argument that instead the trial court should have vacated his voluntary manslaughter conviction and sentence is without merit.

2. Frady argues that his conviction and sentence for voluntary manslaughter are illegal. He insists that he "enter[ed] a plea of guilty to the offense of party to the crime of voluntary manslaughter (count 5), not to voluntary manslaughter itself" and complains that the final disposition sheet shows a conviction for voluntary manslaughter and not for being a party to that crime.

---

[6] As mentioned above, Frady was also ordered to pay a fine. In addition, he was banished from the judicial circuit.

[7] *Glover v. State*, 258 Ga. App. 527, 529 (574 SE2d 565) (2002).

[8] Id.

[9] See *Gerisch v. Meadows*, 278 Ga. 641, 644 (2) (604 SE2d 462) (2004) (Double Jeopardy Clause bars successive prosecutions as well as cumulative punishment).

[10] *Glover*, supra (citations omitted) (contrasting *Curtis v. State*, 275 Ga. 576 (1) (571 SE2d 376) (2002) (where a defendant pleads not guilty and goes to trial, the issue of whether a sentence is illegal because the convictions merged as a matter of fact is not an issue that may be waived by the defendant's failure to raise it in the trial court)).

There is no merit in this contention. "A person need not directly commit a crime to be charged and convicted of that crime, for every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."[11]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 30, 2005 — 

Cheyenne J. Frady, *pro se.*
Roger G. Queen, *District Attorney, Darrell E. Wilson, Assistant District Attorney,* for appellee.

---

[11] *Jackson v. State*, 278 Ga. 235, 236 (1) (599 SE2d 129) (2004) (citation and punctuation omitted).