A06A1365. CARR v. THE STATE.
(637 SE2d 835)

RUFFIN, Chief Judge.

Bernard Carr entered a guilty plea to charges of armed robbery and voluntary manslaughter. Carr later filed a "petition to correct [a] void sentence," arguing that the sentence was illegal because the crime of armed robbery merged with the crime of voluntary manslaughter. The trial court denied his motion, and Carr appeals. As we find Carr waived any objection to his sentence by entering a guilty plea to the charges and specifically agreeing to separate, concurrent sentences for each charge, in exchange for the dismissal of five other charges, we affirm.

"Because the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to the undisputed facts."[1] So viewed, the facts show that the State charged Carr with murder, two counts of felony murder, armed robbery, burglary, and two counts of aggravated assault in connection with the death of Aaron Pounds, Jr. Five co-defendants were also charged. Thereafter, Carr entered a guilty plea to one count of armed robbery. Carr, the State, and the trial court agreed to delay sentencing and to postpone disposition of the remaining six charges against Carr until he testified at trial against one of his co-defendants, Antonio Freeman.[2]

---

[1] *Glover v. State*, 258 Ga. App. 527, 528 (574 SE2d 565) (2002).

[2] During the plea hearing, the State explained that

[i]t would be the State's intention at this point, in anticipation of Mr. Carr's truthful testimony in this case, that . . . we make no recommendation at this point as to the murder and felony murder counts of this indictment or of the burglary or aggravated assault counts, that those remain open. That is not to say that we would not make a recommendation later in those counts or that the State is dismissing those counts, only that in anticipation of Mr. Freeman's trial we are making no recommendation at this point on those counts, but it is – Mr. Carr is entering this plea of guilty to Count 4, with the understanding that the State is recommending a sentence of life as to that armed robbery. Whatever sentence we do recommend with respect to the other counts, we would recommend a concurrent sentence with that life sentence.

As agreed, Carr testified against Antonio Freeman. The evidence introduced at trial was summarized by our Supreme Court in *Freeman v. State*.[3] At trial, Carr testified that he, Freeman, and another co-defendant, Henry Thomas, plotted to rob Aaron Pounds upon learning that Pounds had a large quantity of marijuana. After gaining entry to Pounds's apartment, Thomas paged Carr and Freeman, and they knocked on the door and were admitted into the apartment. Both Carr and Freeman were armed with handguns. Accompanied by Pounds's two younger brothers — who were eight and fifteen at the time — Carr and Freeman proceeded to Pounds's bedroom, where they found him in bed. Carr and Freeman drew their handguns and ordered Pounds's brothers to lay on the bed. Carr retrieved money and marijuana he located under Pounds's bed and mattress. When Pounds attempted to grab the money, Freeman fatally shot him in the abdomen.

After the trial, and pursuant to his agreement with the State, Carr pled guilty to voluntary manslaughter.[4] In exchange for his testimony against Freeman, the State nolle prossed the remaining charges against Carr. The State recommended a 20-year sentence on the voluntary manslaughter charge and a concurrent life sentence on the armed robbery charge. Carr's attorney initially asked the trial court to sentence Carr to 20 years to serve on the voluntary manslaughter charge and 15 years to serve on the armed robbery charge, and then requested that "if the [c]ourt [was] going to sentence Mr. Carr to a life sentence that it simply be on the armed robbery charge." After considering the recommendations, the trial court sentenced Carr to life imprisonment for armed robbery and to a concurrent ten-year sentence for voluntary manslaughter.

Carr contends the facts necessary to prove the voluntary manslaughter charge were included in the facts necessary to prove the armed robbery charge. Therefore, Carr argues, the two crimes merged and the trial court erred in sentencing him on both counts. Accordingly, Carr reasons that his sentence for armed robbery — the lesser included offense — must be vacated, leaving only the ten-year sentence on the voluntary manslaughter charge.

The State, on the other hand, maintains that Carr waived any illegality of his sentence by entering a guilty plea.[5] We agree. It is well

---

[3] 273 Ga. 137, 138 (539 SE2d 127) (2000) (affirming Freeman's convictions of felony murder, burglary, and two counts of aggravated assault).

[4] The State reduced Count 2, felony murder, to voluntary manslaughter.

[5] The State also disputes that armed robbery is a lesser included offense of voluntary manslaughter.

settled that by entering a guilty plea, a defendant waives all defenses other than that the indictment charges no crime.[6] We have previously held that

> where a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly accepts a specified sentence as to properly charged counts, he waives any claim that there was in fact only one act and that the resulting sentence is void on double jeopardy grounds.[7]

Notwithstanding his guilty pleas, Carr insists that he did not waive his right to contest his sentence on double jeopardy grounds because his sentence was nonnegotiated. Under the circumstances of this case, we find this argument unpersuasive.

Carr and the State clearly had an agreement that Carr would enter guilty pleas to both armed robbery and voluntary manslaughter, and *receive separate concurrent sentences for each count*,[8] in exchange for the State's entry of nolle prosequi orders on the remaining five counts of the indictment. Moreover, Carr was fully aware that if he accepted the State's offer and pled guilty to the two offenses, the State intended to seek imposition of a life sentence for one of those sentences. He elected to accept the State's offer and a contract was thereby created.[9] The parties

> made a bargain. Having accepted the benefit of the bargain with the State, it is [Carr] who now seeks to avoid living up to his part of the bargain. This he cannot do. Public policy and the great ends of justice require that the arrangement between the public prosecutor and the defendant be carried out.[10]

---

[6] See *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995).

[7] *Glover*, supra at 529. See also *Harmon v. State*, 281 Ga. App. 35, 39 (4) (635 SE2d 348) (2006); *Frady v. State*, 275 Ga. App. 677, 678-679 (1) (621 SE2d 799) (2005). Compare *Curtis v. State*, 275 Ga. 576, 576-578 (1) (571 SE2d 376) (2002) (where a defendant is convicted at *trial*, the issue of whether a sentence is illegal because the convictions merged is not an issue that may be waived by the defendant's failure to raise it in the trial court).

[8] At the sentencing, Carr's lawyer specifically requested a ten to twenty-year sentence on the voluntary manslaughter and a separate fifteen-year sentence on the armed robbery charge. The State indicated that "what we are recommending is that he be sentenced to life on the armed robbery with 20 to serve concurrent as to voluntary manslaughter. . . . [W]e are not recommending consecutive time, and *that was what we had agreed prior to trial*, that we would not, if he testified truthfully."

[9] See *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332) (1993).

[10] (Punctuation omitted.) *Glover*, supra; see also *Martin*, supra.

Carr is not permitted to renege on his agreement to be sentenced on each of the two counts, in exchange for dismissal of the other five charges, simply because he did not reach an agreement with the State regarding the specific *duration* of his sentences.

In addition, we refuse to reward Carr's manipulation of his sentence. After the State reiterated its insistence that the trial court impose a life sentence, Carr's attorney specifically requested that any life sentence be imposed on the armed robbery charge, as opposed to the voluntary manslaughter charge. Given that Carr essentially orchestrated the imposition of the life sentence for the armed robbery charge, we reject his belated attempt to have the life sentence declared void on appeal.

Regardless of whether the trial court would have been required to merge the charges after a trial, Carr waived his objection to being sentenced on both counts by entering guilty pleas — in consideration for the dismissal of five other charges — and specifically inviting separate sentences for each count.[11] Under these circumstances, the trial court properly denied Carr's attempt to have his sentence reduced by arguing that the counts were duplicative.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 30, 2006.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Daniel J. Quinn, Assistant District Attorneys*, for appellee.