A09A2192. LORD v. THE STATE.
(693 SE2d 533)

DOYLE, Judge.

Following a negotiated plea of guilty on charges of child molestation and incest, the trial court sentenced Bryan Wendell Lord to serve 20 years in confinement on each count, consecutively, for a total of 40 years. On appeal, Lord contends that his conviction and sentence for incest is void because it was included as a matter of fact in the crime of child molestation.

Lord was indicted for committing aggravated sexual battery,

---

child molestation, and incest upon his stepdaughter. At the plea hearing, Lord pled guilty to child molestation and incest. The trial court explained to Lord that the maximum sentence for each count was 20 years, and that he could be sentenced to up to 40 years in prison. Lord acknowledged that he understood. The State announced that it would, upon the trial court's acceptance of the plea, move to nolle pros the charge of aggravated sexual battery. The trial court accepted Lord's plea and sentenced him to 20 years in prison on each count to run consecutively for a total of 40 years. Following a post-sentence hearing, the trial court left the sentence as it was originally imposed.

By pleading guilty to incest and child molestation, Lord waived all defenses except that the indictment charged no crime.[1] Further, Lord, with the assistance of counsel, entered his plea with the knowledge that the trial court intended to impose sentences on both counts, that the sentences could run consecutively, and that he faced a maximum sentence of 40 years, but that should he plead guilty on both counts, the State agreed not to pursue the charge of aggravated sexual battery. Accordingly, although the precise sentence was not negotiated, Lord knowingly invited sentencing on both counts in the context of an agreement to plead guilty to two counts in exchange for the State's agreement to nolle pros the third count.[2]

> When a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly and knowingly accepts the specified sentences as to such charged counts, the defendant waives any claim that there was in fact only one act and that the resulting sentences are void on double jeopardy grounds.[3]

"Having pled guilty to both the [child molestation] and [incest] counts, [Lord] admitted to committing both crimes. As such, he is estopped from now claiming that any of the counts to which he pled guilty should have merged."[4]

---

[1] See *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004).

[2] See *Carr v. State*, 282 Ga. App. 134, 137 (637 SE2d 835) (2006) ("Regardless of whether the trial court would have been required to merge the charges after a trial, [appellant] waived his objection to being sentenced on both counts by entering guilty pleas — in consideration for the dismissal of five other charges — and specifically inviting separate sentences for each count").

[3] *Turner v. State*, 284 Ga. 494, 497 (2) (668 SE2d 692) (2008).

[4] (Punctuation omitted.) *Sanders v. State*, 282 Ga. App. 834, 836 (1) (a) (640 SE2d 353) (2006). See *Harmon v. State*, 281 Ga. App. 35, 39 (4) (635 SE2d 348) (2006). Compare *Curtis v. State*, 275 Ga. 576, 576-578 (1) (571 SE2d 376) (2002) (when sentenced following a trial, a defendant does not waive the right to contend that his convictions merged as matter of fact for

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010 —

*Wayne H. Basford, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.

---

failure to raise the issue in the trial court).