**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 10, 2016**

# In the Court of Appeals of Georgia

A16A1341. NERO v. THE STATE

RAY, Judge.

Keoshamine Lydasia Nero pled guilty to armed robbery, burglary in the first degree, and possession of a firearm during the commission of a crime. After sentencing, Nero moved to withdraw her guilty plea. The trial court denied the motion. Nero now appeals the denial of her motion, contending that her guilty plea was not knowingly and voluntarily entered because she did not understand whether she was charged as a party to or a principal for possession of a firearm during the commission of a crime. For the following reasons, we affirm.

Nero's indictment arose from an armed robbery of a victim in his home. Prior to the trial court accepting her plea of guilty, the State set forth the factual basis for the plea, including that Nero pretended to be sexually interested in the victim to gain

entry to his home and, once inside, unlocked the door, allowing four men with a handgun to enter the victim's bedroom, where they forced him into a closet, shot at him, and robbed him.

Nero entered a negotiated guilty plea with the assistance of counsel on February 19, 2015. The trial court sentenced Nero to serve the twenty-four years recommended by the prosecution: nineteen years for armed robbery in count one, ten years for burglary in the first degree in count three to be served concurrent with count one, and five years for possession of a firearm during the commission of a crime in count four to be served consecutive to counts one and three. After sentencing, Nero filed a motion to withdraw her guilty plea to the charge of possession of a firearm during the commission of a crime. Nero testified at the hearing on her motion to withdraw that she did not understand that she could be charged as a party to the crime of possession of a firearm when she did not carry one during the robbery. Nero also testified that "[i]t's my first offense and I think that I shouldn't have got 24 years for my first offense." The trial court denied her motion.

In her sole enumeration, Nero contends that her guilty plea was not freely and voluntarily entered because she did not understand Georgia law regarding being a party to the crime as it related to the charges against her. We disagree.

2

After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion. On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence. Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against [her] and (3) an understanding of the consequences of [her] plea.

(Citation and footnote omitted.) *Carter v. State*, 272 Ga. App. 158, 160 (2) (611 SE2d 790) (2005).

Here, the record contains a transcript of the plea hearing, which reveals that the trial court informed Nero that she was waiving her constitutional rights to, inter alia, a trial by jury, to the presumption of innocence, to confront the witnesses against her, and to not incriminate herself.[1] The trial court asked Nero if she was satisfied with her attorney, if she understood that she was pleading guilty and the sentence

---

[1] "[A] guilty plea involves the waiver of . . . the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers . . . The record must disclose the accused's voluntary waiver of those constitutional rights." *Whitesides v. State*, 266 Ga. App. 181, 186 (1) (596 SE2d 706) (2004).

recommendation, and if everything put in front of her was explained to her. Nero testified that she has ADHD, but a mental evaluation found she did not suffer from any disability that would prevent her from knowing right from wrong and that she was competent to stand trial.

Nero cites to *Henderson v. Morgan*, 426 U. S. 637 (96 SCt 2253, 49 LE2d 108) (1976), for the assertion that her guilty plea should be withdrawn because it was not explained to her during the plea hearing that she was being charged as a party to the crime or that she was responsible for what the others did during the robbery. Id. at 644-647 (II) (holding where neither defense counsel nor the trial court explained to the defendant that intent to cause death was an element of second-degree murder, and there was no factual statement or admission implying intent, the plea was involuntary). However, this Court has previously found that the *Henderson* decision "was unique because the trial judge found as a fact that the element of intent was not explained. . . This decision does not require the trial judge accepting a guilty plea to personally instruct the defendant of the elements of the crime." (Citation and punctuation omitted.) *Ballard v. State*, 150 Ga. App. 704, 706 (3) (258 SE2d 331) (1979).

4

Further, because Nero testified that her attorney read and discussed the plea agreement with her and she has not challenged her attorney's effectiveness, it is presumed that her attorney explained the nature of the offense in sufficient detail to give her notice of what she was being asked to admit. *Clark v. State*, 299 Ga. App. 558, 560 (683 SE2d 93) (2009). See also *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990) (stating where the record reflects that the defendant consulted with his counsel regarding the guilty plea and the defendant has not asserted an ineffective assistance claim, "it may be presumed (subject to rebuttal) that counsel has adequately advised his client regarding the meaning and effect of the subsequently offered plea. And such consultation constitutes an additional factor which may be considered in determining plea validity") (citation and emphasis omitted).

Nero also contends that she did not understand whether she was charged as a party or as a principal to the crimes because the indictment did not indicate such. Although the indictment did not indicate whether Nero was charged as a party or principal, it is not required in Georgia that the State "indicate in the indictment that it is charging a person as a party to the crime." (citations and punctuation omitted.) *Riley v. State*, 292 Ga. App. 202, 204 (1) (663 SE2d 835) (2008). See also *Frady v. State*, 275 Ga. App. 677, 680 (2) (621 SE2d 799) (2005) ("a person need not directly

5

commit a crime to be charged and convicted of that crime, for every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime") (Punctuation and footnote omitted).

The record reflects that Nero understood both the nature of the charges and the amount of time recommended for sentencing. Although Nero testified otherwise at the hearing on her motion to withdraw her plea, because the trial court is the final arbiter on all factual questions, "any contradiction between [Nero's] testimony during the plea hearing and [her] testimony during the motion hearing is a matter of witness credibility, which the trial court was authorized to decide against [her]." (Citation and punctuation omitted.) *Green v. State*, 324 Ga. App. 133, 136-137 (2) (749 SE2d 419) (2013). Therefore, because the record supports the trial court's finding that the plea was given freely and voluntarily, the trial court did not abuse its discretion in denying Nero's motion to withdraw her guilty plea.

*Judgment affirmed. Doyle, C. J., and Andrews, P. J., concur.*